# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 15, 2008

Charles R. Fulbruge III
Clerk

No. 07-41277
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

OSVALDO MENDEZ-GARCIA, also known as Eric Rolondo Alarcon-Muniz

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:06-CR-346-ALL

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Osvaldo Mendez-Garcia (Mendez) appeals the 92-month sentence imposed following his guilty plea to illegal entry into the United States following deportation. Mendez argues that the district court plainly erred in enhancing his offense level pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on his prior conviction for a crime of violence, the burglary of a habitation. He argues that the statute under which he was convicted, Tex. Penal Code Ann. § 30.02(a) includes a means to commit the offense that does not meet the definition

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of a generic burglary as required by the Guidelines to impose such an enhancement. Mendez also asserts that, although the indictment charged him conjunctively under two sections of the statute, one section of which satisfied the definition of generic burglary, his guilty plea did not establish that he committed the conduct under that section.

Mendez was charged conjunctively in the indictment under TEXAS PENAL CODE ANN. § 30.02(a)(1) and § 30.02(a)(3), which provide different means of committing burglary of a habitation. The latter section does not require an intent to commit a crime at the time of the unlawful entry. § 30.02(a)(3). See United States v. Herrera-Montes, 490 F.3d 390, 391-92 (5th Cir. 2007). The record in this case contains no evidence reflecting the specific subsection to which Mendez pleaded guilty, nor does it contain the factual basis for his plea. Thus, we cannot determine whether Mendez pleaded guilty to an offense that meets the definition of a generic burglary. Id. Accordingly, we hold that the district court erred in imposing the 16-level sentencing enhancement.

Despite this error, reversal is not required. In United States v. Bonilla, 524 F.3d 647, 655-57 (5th Cir. 2008), this court determined that the district court erred in applying the Guidelines, but it determined that "[n]ot all errors in determining a defendant's guideline sentence require reversal." The court affirmed the sentence, finding that "because the district court imposed an alternative non-guidelines sentence, the advisory sentence did not result from the guidelines error and we need not vacate the sentence on that basis." 524 F.3d at 659.

In the instant case, the district court made it clear that it would have imposed the same sentence even if § 2L1.2 were inapplicable. The district court's comments reflect that, like the district court in Bonilla, it imposed an alternative non-guidelines sentence. Moreover, the reasons given by the district court for the non-guidelines sentence imposed were adequate. See United States v. Mares, 402 F.3d 511, 519-20 (5th Cir. 2005).

AFFIRMED.